[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM THE JURY DOCKET
The plaintiff instituted suit by bringing a foreclosure action. The defendants answers and pleads several special defenses and sets out a multi count counterclaim. The defendant thereafter claims the matter for jury trial.
The issue involved is, does one ne lose the right to a jury trial on a claim of law by virtue of the fact that the claim is part of a defense or counterclaim to an initial claim in equity?
Does the equitable claim become a matter that can be considered and determined by a jury by virtue of such CT Page 6302 legal defense and counterclaims?
May the court and/or should the court sever the equitable causes of action from the claims sounding in law thereby preserving the equitable summary process proceedings of foreclosure and reserving the constitutional right to a jury trial for claims entitle to such consideration? If so, are such claims able to be separated and preserved, tried on an individual basis, determined by different fact finders without "res judicata" difficulties being raised in the latter of the separate claims being tried.
This court addressed certain of these issues in The Connecticut Bank Trust v. Trolley Barn Corporation, No. 569221, Memorandum of Decision September 11, 1990 a copy of which memorandum is attached hereto.
The defendant in its brief of March 25, 1991 in opposition to motion to strike from the jury list admits "certain of the defendant's special defenses and counterclaims do sound in equity, and so are properly triable to the court." The defendant further claims "however, the third special defense and the first count of the counterclaim allege breach of contract" which is a claim of law.
The plaintiff in its brief of March 4, 1992 in support of its motion to strike from the jury list cites a Rhode Island case Tilcon v. Commercial Associates,570 A.2d 1102 (RI 1990) holding that the respondents had the choice of proceedings with a counterclaim in the equitable proceedings or reserving their claim and bringing a separate suit for breach of contract in law. The plaintiff further reasons accordingly that "the defendant in the present case should not be able to assert that their right to a jury trial is being denied when the option of filing an independent action is readily available to them."
The parties, appear to agree that but for the third special defense and the first count of the counterclaim that all other defenses and counts are equitable in nature and therefore not entitled to jury consideration.
A review of the third special defense and the first count of the counterclaim bring the court to the conclusion that the allegations of the third special defense are contained in and are part of the first count of the counterclaim.
The parties appear to agree that the allegations set forth in the first count of the counterclaim is a cause CT Page 6303 of action that may stand alone. It is an independent cause of action.
A reading of that count convinces the court that it sounds in law. A claim for which a party would be entitled to a jury trial.
This court knows of no restrictions that prevents the court from bifurcating on severing the claims.
Motion to strike from the jury list is granted as to all claims and defenses except count one of the counter claim and the third special defense.
The third special defense is merged into and made a part of the first count of the counterclaim. Motion to strike from the jury list as to that first count of the counterclaim is denied.
John F. Walsh, J.